UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MUNEERA NASEER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-CV-00356 HEA |
| | ) |
| ISLAMIC FOUNDATION of GREATER, | ) |
| ST. LOUIS EXECUTIVE BOARD, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

Self-represented plaintiff Muneera Naseer brings this action for employment discrimination against her former employer, the Islamic Foundation of Greater St. Louis Executive Board, as well as several individual defendants who appear to be board members. The matter is now before the Court upon the motion of plaintiff for leave to proceed in forma pauperis, or without prepayment of the required filing fees and costs. [ECF No. 2]. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(a)(1). Plaintiff's motion for appointment of counsel, however, will be denied at this time. [ECF No. 3]. Based on review of the record, plaintiff will be directed to file an amended complaint on a court-provided form in compliance with the instructions provided herein. Plaintiff will have twenty-one (21) days to do so.

### The Complaint

Plaintiff filed suit on March 8, 2024, against defendant, the Islamic Foundation of Greater St. Louis Executive Board, as well as several individual defendants who appear to be board members. [ECF No. 1]. Plaintiff filed her complaint on the Court-provided form for filing an Employment Discrimination action, and she appears to be pursuing a claim under Title VII of the

Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, *et seq.* for gender discrimination. Although plaintiff has not checked more than one box on page 4 of her complaint-form, in the body of her "Statement of Claim," she indicates that she is pursuing claims under Title VII for: gender discrimination in the terms and conditions of her employment (failure to provide her with adequate pay raises given to male colleagues); a "pattern of adverse actions, abuse, mistreatment and improper conduct," which this Court interprets as a hostile work environment/harassment claim based on her gender; failure to pay her for overtime hours worked; and retaliatory termination for filing a claim regarding alleged harassment.[1] Plaintiff has failed to attach to her complaint either her charge of discrimination or her notice of right to sue from the Equal Employment Opportunity Commission (EEOC), which would indicate her ability to pursue federal employment claims under Title VII.

Plaintiff states that she was employed as an Office Administrator at the Islamic Foundation of Greater St. Louis Executive Board (IFGSL). She complains that she requested a pay increase for her position in 2018, and shortly thereafter she was told that she was awarded the raise. However, was given various excuses over the years every time she asked why the raise had not been implemented. During this time, plaintiff alleges that several other male employees were receiving raises for their jobs. In February of 2022, plaintiff alleges that she met with board chair, Mohammad Tahir and other board members and again asked for a raise. Plaintiff was allegedly told she would be getting a raise. However, no vote was initiated by the board on the raise, and she was terminated five months later.

---

[1] Plaintiff has not indicated if she is also pursuing claims under the Missouri Human Rights Act (MHRA), but she has attached a right to sue notice from the Missouri Commission on Human Rights (MCHR). The right to sue was issued to plaintiff on December 8, 2023. Plaintiff's right to sue from the MCHR does not entitle her to bring claims pursuant to Title VII.

Plaintiff alleges that during an undisclosed time period she started getting harassed, sometimes daily, by a male employee in the accounts department. She states that the harassment was based on her gender, and the harasser admonished her and other female employees about his inability to work with women in certain roles at IFGSL. When plaintiff reported the harassment and bullying to IFGSL board members, they failed to intervene to stop the harassment, which seemed to embolden the alleged harasser. Additionally, plaintiff alleges that the harasser was allowed to go behind plaintiff's back to change the work processes over which she was in charge.

Plaintiff further alleges that a former male board chair, as well as other board members, engaged in pervasive harassment towards women at IFGSL. When plaintiff complained about their behavior, she was told she would have to work despite the alleged harassment. On another occasion, plaintiff was screamed at so violently by a member of the Religious Affairs Committee that he had to be removed from the premises. However, the individual faced no consequences for his behavior despite plaintiff's complaints.

Plaintiff next asserts that she was fired from her position the day after she officially filed a complaint via email with the Treasurer and the Chair claiming that she had been bullied and subjected to harassment by the Treasurer and Accounts person at IFGSL. Plaintiff claims that she requested a meeting; however, she learned they took a morning vote to terminate her employment.

## Discussion

As the Court noted above, there are several issues with plaintiff's complaint. First, although plaintiff has attached to her complaint a notice of right to sue from the MCHR, there is no indication in plaintiff's complaint that she is bringing claims against defendant IFGSL under the Missouri Human Rights Act. If plaintiff wishes to sue her employer under both the Missouri Human Rights Act and Title VII, she needs to designate such in her amended complaint.

Second, plaintiff has not included with her complaint a copy of her charge of discrimination or her right to sue notice from the EEOC. As such, the Court is unable to discern if plaintiff has properly exhausted her administrative remedies with respect to her federal claims. Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to discriminate against an individual because of her race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2. To initiate a claim under Title VII, a party must timely file a charge of discrimination with the EEOC and receive a right to sue letter. *Stuart v. Gen. Motors Corp.,* 217 F.3d 621, 630 (8th Cir. 2000). The claims in the complaint must be like or reasonably related to the claims listed in the charge of discrimination filed with the EEOC. *See Duncan v. Delta Consolidated Indus., Inc.,* 371 F.3d 1020 1024 (8th Cir. 2004). For this reason, the Court will require plaintiff to provide the Court with both her charge of discrimination and her EEOC notice of right to sue.

Additionally, plaintiff has listed several individuals as defendants in this action. However, Title VII provides a remedy only against an employer. The Eighth Circuit Court of Appeals has "squarely held that supervisors may not be held individually liable under Title VII." *Bonomolo-Hagen v. Clay Central-Everly Cmty. Sch. Dist.,* 121 F.3d 446, 447 (8th Cir. 1997) (citing *Spencer v. Ripley Cty. State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997)); *see also Bales v. Wal-Mart Stores Inc.,* 143 F.3d 1103, 1111 (8th Cir. 1998). As a result, the individual defendants named in the action are subject to dismissal from plaintiff's complaint.

Moreover, plaintiff's claims are somewhat difficult to discern in this action. As noted above, although plaintiff has not checked more than one box on page 4 of her complaint-form, in the body of her "Statement of Claim," she indicates that she is also pursuing claims under Title VII for: gender discrimination in the terms and conditions of her employment (failure to provide her with adequate pay raises given to male colleagues); a "pattern of adverse actions, abuse, mistreatment and improper conduct," which this Court interprets as a hostile work

environment/harassment claim based on her gender; failure to pay her for overtime hours worked; and retaliatory termination for filing a claim regarding alleged harassment. If plaintiff is pursuing these claims, she should mark the appropriate boxes on page 4 of her complaint form. Additionally, she must also make sure that her claims in her lawsuit match those in her charge of discrimination submitted to the EEOC. Furthermore, to allege such claims in her amended complaint, plaintiff must set forth prima facie elements of each of those claims.

For example, to establish a prima facie case of sex/gender discrimination, plaintiff must properly allege in her amended complaint that she: (1) is a member of a protected class; (2) was meeting her employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of her protected class. *Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs.,* 728 F.3d 800, 804 (8th Cir. 2013) (citation omitted). "An adverse employment action is defined as a tangible change in working conditions that produces a material employment disadvantage, including but not limited to, termination, cuts in pay or benefits, and changes that affect an employee's future career prospects, as well as circumstances amounting to a constructive discharge." *Id.*

To state a prima facie case of hostile work environment based on sexual harassment by a supervisor, plaintiff must allege that: (1) she is a member of a protected group, (2) she was subjected to unwelcome sexual harassment, (3) the harassment was based on sex, and (4) the harassment affected a term, condition, or privilege of her employment. *LeGrand v. Area Resources for Community and Human Services,* 394 F.3d 1098, 1101 (8th Cir. 2005). For an atmosphere of sexual harassment or hostility to be actionable, "the offending behavior must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Pa. State Police v. Suders,* 542 U.S. 129, 147 (2004). To be considered sufficiently severe or pervasive, the conduct complained of must create an environment that a reasonable

person would find hostile or abusive. *Duncan v. General Motors Corp.,* 300 F.3d 928, 934 (8th Cir. 2002).  To be actionable, conduct must be both subjectively and objectively offensive, as well as "extreme in nature and not merely rude or unpleasant." *Southerland v. Mo. Dep't of Corr.,* 580 F.3d 748, 751 (8th Cir. 2009) (citations omitted). To determine whether a work environment is hostile and abusive, the Court examines the totality of the circumstances, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or mere offensive utterance, and whether it unreasonably interferes with an employee's job performance. *Cross v. Prairie Meadows Racetrack & Casino, Inc.,* 615 F.3d 977, 981 (8th Cir. 2010).

Last, the Court notes that although Title VII prohibits retaliation against an employee "because [s]he has opposed any practice made an unlawful employment practice by [Title VII], or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]," not every adverse employment action can be considered retaliation under Title VII.  To establish a prima facie case of Title VII retaliation, plaintiff must show that: (1) she engaged in protected conduct; (2) she suffered a materially adverse employment action; and (3) the adverse action was causally linked to the protected conduct. *Jackman*, 728 F.3d at 804. Plaintiff has not indicated in her complaint that she engaged in protected conduct prior to being terminated except to say *generally* that on the day before her employment was terminated, she sent an email saying she had been subjected to some sort of harassment at IFGSL. If plaintiff engaged in legally protected conduct, she should include a description of such conduct in her amended complaint.

Because plaintiff is proceeding pro se, the Court will allow plaintiff to amend her pleading. *See Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985) (discussing how a court should give a pro se plaintiff a statement of the complaint's deficiencies and a chance to amend the complaint). Plaintiff

will be required to amend her complaint on a Court-provided Employment Discrimination Complaint form. In amending her complaint, plaintiff should take care to set forth her claims for relief in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules. *See* Fed.R.Civ.P. 8 and 10; Local Rule 2.06(A).

## Instructions for Filing an Amended Complaint

Plaintiff shall file an amended complaint on the Court's Employment Discrimination form. Plaintiff is warned that the filing of an amended complaint replaces the original complaint and all supplements, and so it must include all claims plaintiff wishes to bring. *E.g.*, *In re Wireless Tele. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

Plaintiff should make sure to fully complete the form and provide all required information. Plaintiff should specify all legal grounds for her employment discrimination lawsuit. Plaintiff should detail all facts and describe specific conduct that she believes is discriminatory. Plaintiff is required to set out not only her alleged claims in a simple, concise, and direct manner, but also the facts supporting her claims.

After the filing of plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim must survive § 1915 review for plaintiff to proceed in this lawsuit.

## Motion for Appointment of Counsel

Finally, plaintiff has filed a motion for appointment of counsel. [ECF No. 3]. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once the plaintiff has alleged a prima facie claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d

1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law. Further, the request for counsel is premature, as defendant has not yet been served, and the Court has not issued a Case Management Order. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to plaintiff at this time, and will deny plaintiff's motion for appointment of counsel, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED** and the filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank copy of the Court's Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall file an amended complaint on the court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall review this action pursuant to 28 U.S.C. §1915.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED without prejudice**.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 3rd day of April, 2024.

                                                                            _____
                                                                            HENRY EDWARD AUTREY
                                                                            UNITED STATES DISTRICT JUDGE